IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Arica Waters | ) | CASE NO. |
| PLAINTIFF, | | JUDGE |
| V. | ) | |
| Amy Gloor | | |
| Stephen J. Levorchick, | ) | **COMPLAINT** |
| DEFENDANTS | | |
| | ) | |
| | ) | |

\* \* \* \* \* \* \* \* \* \*

COMES NOW Plaintiff, Arica Waters, by and through the undersigned counsel, and respectfully submits her Complaint for damages and makes the following averments.

**Jurisdiction and Venue**

1.   This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 as the Claims presented arise under the laws and Constitution of the United States.

2.  The Claims seek to protect the rights, privileges, and immunities guaranteed to the Plaintiff which were violated pursuant to 42 U.S.C. §§ 1983 and 1985.

3.  Damages are sought for the deprivation of rights secured by the Constitution, and attorney's fees pursuant to 42 U.S.C. § 1988.

4.  This Court has supplemental jurisdiction over the state law claims presented against Defendants pursuant to 28 U.S.C. § 1367(a), in that each of the state law claims arise

from the same common nucleus of operative facts which gave rise to the 42 U.S.C. §

1983 and § 1985 Claims.

5.  This Court has personal jurisdiction over Defendant Amy Gloor as she is domiciled in

Ohio.

6.  This Court has personal jurisdiction over Defendant Stephen J. Levorchick as he is

domiciled in Ohio.

7.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1331 (b)(1) and (2)

because Defendants reside within, and the events at issue occurred within, the Northern

District of Ohio in Ottawa County, Ohio.

### Parties

8.  Plaintiff, Arica Waters, is a 29-year-old citizen of the United States, domiciled in Ohio.

9.  Defendant, Amy Gloor (hereinafter "Gloor"), is a 51-year-old citizen of the United

States, domiciled in Ohio.

10. Gloor was acting as Deputy for the Ottawa County Sheriff's Department in Ottawa

County, Ohio at the time of the violations.

11. Defendant, Stephen J. Levorchick (hereinafter "Levorchick"), is domiciled in Ohio.

12. Levorchick was the elected Ottawa County Sheriff at the time of the violations and

remains in that role as of the date of this filing.

### Facts Common to All Claims

13. On July 7, 2020, Plaintiff Arica Waters made a report of sexual assault to Sergent Amy

Gloor, a Deputy Ottawa County Sheriff.

14. As part of the investigation into the sexual assault, Plaintiff consented to a forensic

download of her phone by Deputy Amy Gloor to further the investigation.

15. Plaintiff disclosed to Gloor that she was apprehensive to give her phone over to the Sheriff's Office as there were private photos of herself on her phone. These photos were unrelated to the subject of the matter Plaintiff was reporting.

16. Gloor then assured Plaintiff that the photos would not be investigated.  She said that the office was interested in the phone to see message exchanges between Plaintiff and the alleged perpetrator that would be helpful to the investigation.

17. The phone was downloaded using the Cellbrite program, and the downloaded materials, including photographs of Plaintiff, were retained by Gloor.

18. Plaintiff was charged and later acquitted of Making False Alarms in the Ottawa County Court of Common Pleas.

19. Explicit photos from Arica Water's phone played no role in the criminal case and were not part of Rule 16 discovery.

20. While the phone was in their possession, Defendants distributed Plaintiff's explicit photos to other individuals inside and outside of the Ottawa County Sheriff's Office.

21. The individuals to whom the explicit photos were distributed were not participating in the investigation in any way, and the photos were not distributed in the course of the investigation.

22. Shortly thereafter, Gloor shared the explicit photos of Plaintiff with Nick Davenport, another deputy at the Ottawa County Sheriff's Office.

23. Gloor shared the explicit photos with Levorchick. She called him over to her computer screen at the office and said, "Look at this. It's disgusting."

24. Levorchick, being the Ottawa County Sheriff, had the power to discipline and reprimand Gloor for her inappropriate actions but chose to do nothing in his Official Capacity.

25. Levorchick disclosed in graphic detail what the sexually explicit photos of Plaintiff contained to a member of the local media, adding derogatory comments and mocking her.

26. Gloor shared the photos with Nick Davenport during what was supposed to be a work training, by calling him over, showing him the photos, and saying "look at this, it's disgusting."

27. Nick Davenport later found employment with the Danbury Police Department. There, he told his Chief about Gloor sharing the photos of Plaintiff with him.

28. Gloor and Levorchick knowingly, willingly, and intentionally shared these sexually explicit visual photos with other persons who were outside of the sexual assault investigation without Plaintiff's consent.

29. Word of this invasion of privacy reached Plaintiff.

30. Upon learning that Levorchick and Gloor had shared and discussed these sexually explicit photos with other persons not involved in her sexual assault investigation, Plaintiff was highly offended by Defendants' invasion of her privacy and destruction of her private life.

### Violation of Plaintiff's Rights

31. Distributing these explicit photos of the Plaintiff to individuals who were not participating in the investigation constituted a violation of Plaintiff's clearly established right to informational privacy, as guaranteed by the Fourteenth Amendment in the United States Constitution.

32. Information is constitutionally protected when a legitimate expectation exists that it will remain confidential while in the state's possession, especially when regarding private sexual matters.

33. Courts have found that an informational right of privacy exists where the information released is one of a sexual, personal, and humiliating nature.

34. The Supreme Court has held that the security of one's privacy against arbitrary intrusion by the police is basic to a free society and is therefore implicit in the concept of ordered liberty embraced within the Due Process Clause of the Fourteenth Amendment.

35. By intentionally, and unreasonably, disclosing Plaintiff's information that was mandated to be confidential and exempt from public records or disclosure, the Defendants' actions constituted an invasion of privacy, violating Plaintiff's constitutional rights.

36. Defendants were under the color of law because of their respective employments at the Ottawa County Sheriff's Office.

37. From this invasion of privacy, Plaintiff suffered emotional distress, feelings of disgust, outrage, embarrassment, betrayal, and humiliation. Plaintiff became deeply concerned and distressed at the possibility of the sexually explicit photos reaching the broader public.

### First Claim for Relief
**(Deprivation of Rights under 42 U.S.C. § 1983 as to Gloor in her individual capacity)**

38. Plaintiff alleges and re-alleges the paragraphs above as if fully set forth herein.

39. A victim may bring a claim under 42 U.S.C. § 1983 against an individual acting under the color of law who subjects the victim to a deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

40. Defendant Gloor was acting under the color of law in her position as Detective for the Ottawa County Sheriff's Office when she showed the sexually explicit photos of the Plaintiff to Deputy Nick Davenport.

41. The photos were not shared for a legitimate investigatory, training, or other law-enforcement purpose.

42. The right to informational privacy is a clearly established constitutional right as protected by the Due Process Clause of the Fourteenth Amendment.

43. Intentionally disclosing explicit, private, and intimate photos of Plaintiff constitutes an arbitrary intrusion on her right to privacy.

44. These explicit photos were obtained in the course of the investigation of Plaintiff's sexual assault, and were then improperly spread to other individuals within and outside of the Ottawa County Sheriff's Office.

45. Defendant Gloor knew that Plaintiff wished to maintain privacy as to the photos she provided.

46. Defendant Gloor was on notice of the right to privacy guaranteed under the Fourteenth Amendment.

47. Defendant Gloor knew or had reason to know that distributing the photos to individuals outside of the course of the investigation violated Plaintiff's constitutional right to privacy.

48. Defendant Gloor knew and or had reason to know that intentionally showing Plaintiff's explicit visual photos as a form of mockery against her violated her right to privacy.

49. Defendant Gloor acted deliberately and/or with reckless indifference to Plaintiff's right to privacy in her actions.

50. As a direct and proximate result of Defendant Gloor's actions, Plaintiff suffered emotional and mental harm including humiliation, mental distress, emotional disturbance, economic loss and employment deprivation.

## Second Claim for Relief
### (Deprivation of Rights under 42 U.S.C. § 1983 as to Levorchick in his individual capacity)

51. Plaintiff alleges and re-alleges the paragraphs above as if fully set forth herein.

52. A victim may bring a claim under 42 U.S.C. § 1983 against an individual acting under the color of law who subjects the victim to a deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

53. Defendant Levorchick was acting under the color of law as the Ottawa County Sheriff when he discussed in graphic detail the explicit photos of the Plaintiff with Defendant Gloor outside of the course of the investigation.

54. Defendant Levorchick was acting under the color of law as the Ottawa County Sheriff when he discussed in graphic detail the explicit photos of the Plaintiff with Matthew Westernold over the phone outside of the course of the investigation.

55. The right to informational privacy is a clearly established constitutional right as protected by the Due Process Clause of the Fourteenth Amendment.

56. Intentionally disclosing explicit, private, and intimate photos of Plaintiff constitutes an arbitrary intrusion on her right to privacy.

57. These explicit photos were obtained in the course of the investigation of her sexual assault, and were then improperly spread to other individuals within and outside of the Ottawa County Sheriff's Office.

58. Defendant Levorchick knew or had reason to know that distributing the photos outside of the course of the investigation and sharing their contents with individuals who were not involved in the investigation violated Plaintiff's clearly-established constitutional right to privacy.

59. Defendant Levorchick knew and or had reason to know that intentionally discussing Plaintiff's explicit visual photos as a form of mockery against her violated her right to privacy.

60. Defendant Levorchick acted deliberately and/or with reckless indifference to Plaintiff's right to privacy in their actions.

61. As a direct and proximate result of Defendant Levorchick's actions, Plaintiff suffered emotional and mental harm including humiliation, mental distress, emotional disturbance, economic loss and employment deprivation.

## Third Claim for Relief
**(Deprivation of Rights under 42 U.S.C. § 1983 as to Levorchick in his official capacity)**

62. Plaintiff alleges and re-alleges the paragraphs above as if fully set forth herein.

63. A victim may bring a claim under 42 U.S.C. § 1983 against an individual acting under the color of law who subjects the victim to a deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

64. Defendant Levorchick was acting under the color of law as Ottawa County Sheriff when he discussed in graphic detail the explicit photos of the Plaintiff with Matthew Westernold over the phone.

65. Defendant Levorchick knew or had reason to know that discussing the explicit photos outside of the course of the investigation and sharing them with individuals who were not involved in the investigation violated Plaintiff's constitutional right to privacy.

66. Defendant Levorchick knew and or had reason to know that intentionally discussing Plaintiff's explicit visual photos as a form of mockery against her violated her right to privacy.

67. Defendant Levorchick acted deliberately and/or with reckless indifference to Plaintiff's right to privacy in his actions when, as Sheriff, he refused to be a leader and take any action to reprimand Gloor for spreading the photos.

68. Defendant Levorchick acted deliberately and/or with reckless indifference to Plaintiff's right to privacy in his actions when, as Sheriff, he refused to take any action to stop the spread of the photos and avoid contributing to the spread.

69. Defendants Gloor and Levorchick, acting respectively as Detective and Sheriff for Ottawa County, failed to comply with the state public record policy and internal policy of the Ottawa County Sheriff's Office when they disclosed sexually explicit photos of Plaintiff.

70. As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional and mental harm including humiliation, mental distress, emotional disturbance, economic loss and employment deprivation.

### Fourth Claim for Relief
### (Invasion of Privacy Based on the Wrongful Intrusion into One's Private Affairs as Recognized by the State of Ohio with Respect to the Common Law of Torts)

71. Plaintiff alleges and re-alleges the paragraphs above as if fully set forth herein.

72. In Ohio, invasion of privacy claims are torts that have risen out of the common law.

73. An invasion of the right of privacy is the unwarranted appropriation or exploitation of one's personality; the publicizing of one's private affairs with which the public has no legitimate concern; or the wrongful intrusion into one's private activities in such a manner as to outrage or cause mental suffering, shame or humiliation to a person of ordinary sensibilities.

74. The wrongful intrusion into one's private affairs in such a manner as to outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities gives rise to

an actionable invasion of privacy claim when an intentional interference with a person's

interest in solitude or seclusion occurs, either as to their person or as to their private

affairs or concerns, and of a kind that would be highly offensive to a reasonable person.

75. Defendants Gloor and Levorchick wrongfully intruded in Plaintiff's private activities in

distributing the sexually explicit photos not for the purpose of furthering the

investigation.

76. Sexually explicit photos are undoubtedly private activities.

77. Once learning that her explicit photos were distributed and mocked, Plaintiff became

extremely humiliated and ashamed.

78. Plaintiff trusted Gloor with her cell phone because Plaintiff believed that Gloor would

fight for her and be a source of support through the investigation.

79. Plaintiff trusted Levorchick to be a source of leadership in the Sheriff's office, not

contribute to the invasion of privacy, and reprimand Gloor for her behavior.

80. Because both Gloor and Levorchick violated that trust, Plaintiff experienced extreme

mental suffering.

81. A person with ordinary sensibilities would experience the same levels of outrage, shame,

humiliation, and overall mental suffering as Plaintiff if private, sexual photos of

themselves were mocked and distributed inside of a Sherriff's office days after reporting

a sexual assault.

82. Defendants wrongfully intruded upon Plaintiff's private activities when they

intentionally, knowingly, and in bad faith disclosed the sexually explicit photos to other

persons outside of those within the Ottawa County Sheriff's Office who were permitted

to access that evidence.

83. As a direct and proximate cause of the Defendants' discussing and sharing of the highly sensitive and sexually explicit photos, Plaintiff endured emotional and mental harm including mental suffering, emotional distress, and humiliation, entitling her to damages in amounts to be proven at trial and reasonable attorney's fees.

## Fifth Claim for Relief
### (False Light as to Levorchick and Gloor)

84. Plaintiff alleges and re-alleges the paragraphs above as if fully set forth herein.

85. A victim may bring a Claim for False Light in the State of Ohio when an individual gives publicity to a matter concerning the victim that places the victim in a false light.

86. The false light must be highly offensive to a reasonable person and the individual giving publicity must have knowledge or acted with reckless disregard to the falsity of the matter.

87. Defendants Gloor and Levorchick publicly disclosed explicit photos of Plaintiff in a false light by creating an impression that Plaintiff consented to the disclosure of the photos.

88. Plaintiff did not consent to Defendant Gloor publicizing her explicit photos to an officer in a training or to Defendant Levorchick.

89. Plaintiff did not consent to Defendant Levorchick sharing those same photos with an unknown number of other individuals within the Sheriff's Office.

90. Plaintiff did not consent to being mocked and degraded with comments about her body.

91. A reasonable person would be highly offended by having their consent mischaracterized, leading to the improper disclosure of their sexually explicit photos.

92. The nature of this act goes beyond offensive and invasive. It is both reckless and dangerous to mischaracterize an individual's consent.

93. Defendants acted with reckless disregard in the disclosure of Plaintiff's explicit photos, which created a false light as to her consent in sharing the photos, while knowing, or recklessly disregarding, the falsity of the existence of this consent.

94. As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional and mental harm including humiliation, mental distress, emotional disturbance, economic loss and employment deprivation.

## Sixth Claim for Relief
### (Intentional Infliction of Emotional Distress as to Levorchick and Gloor)

95. Plaintiff alleges and re-alleges the paragraphs above as if fully set forth herein.

96. A victim may bring a claim for Intentional Infliction of Emotional Distress in Ohio when defendants intended to cause emotional distress, or knew or should have known that their actions would result in plaintiff's serious emotional distress; defendants' conduct was extreme and outrageous; defendants' actions proximately caused plaintiff's emotional injury; and plaintiff suffered serious emotional anguish.

97. Defendants Gloor and Levorchick knew or should have known that their actions of intentionally disclosing explicit photos of Plaintiff, and the simultaneous, degrading comments regarding them, would cause Plaintiff serious emotional distress.

98. As someone who had investigated multiple sexual assaults prior to Plaintiff's, Gloor knew or should have known that violating Plaintiff's privacy, distributing sexually explicit photos, and making derogatory comments about her body would cause serious emotional distress.

99. As the Sheriff, Levorchick knew or should have known that contributing to the violation of Plaintiff's privacy, by making his own derogatory comments about her body, would cause serious emotional distress.

100.      Defendants' conduct was extreme and outrageous because Gloor distributed

Plaintiff's sexually explicit photos, calling Levorchick over and saying "look at this, it's

disgusting."

101.      This mockery was right after Plaintiff confided in Gloor by disclosing her

victimization and sexual assault.

102.      Defendant Gloor gained Plaintiff's trust, collected her phone for what Gloor

claimed was "evidence" to investigate the allegations.

103.      Defendant Gloor located sexually explicit photos and began to outrageously hold

them up, show them off, and degrade Plaintiff into further victimization, instead of

disregarding them as she claimed she would.

104.      These explicit photos were exploited while Plaintiff was in a vulnerable state

seeking help and support for a sexual assault, reported in confidence, and constitutes

behavior that is extreme and outrageous.

105.      Defendant Levorchick's actions, as the Sheriff of the Ottawa County Sheriff's

Office, were outrageous because of the lack of leadership in stopping inappropriate

distribution of explicit photos.

106.      Levorchick joined the degradation of the Plaintiff by further distributing the

photos himself, with outrageously offensive comments.

107.      This conduct by a Sheriff is extreme, outrageous, and defensive.

108.      As a direct and proximate result of Defendants' actions, Plaintiff suffered

emotional and mental harm including humiliation, mental distress, emotional disturbance,

economic loss and employment deprivation.

**Prayers for Relief**

Wherefore, Plaintiff respectfully requests that judgment be granted as follows:

109.     On the First Claim for Relief of the Complaint, Plaintiff requests judgment

against Defendants, Gloor and Levorchick, for compensatory damages in an amount to be

proven at trial and not less than $500,000;

110.     On the remaining Claims for Relief of the Complaint, Plaintiff requests judgment

against Defendants, Gloor and Levorchick, for compensatory damages in an amount to be

proven at trial and not less than $500,000;

111.     On the First Claim for Relief of the Complaint, Plaintiff requests against

Defendants, Gloor and Levorchick, an award of attorney's fees and costs pursuant to 42

U.S.C. § 1988, and;

112.     On the remaining Claims for Relief of the Complaint, Plaintiff requests against

Defendants, Gloor and Levorchick, an award of her attorney's fees as damages; and

113.     On all Claims and against both Defendants, Plaintiff requests such further relief as

the Court may deem just and proper.

**Jury Demand**

114.     Plaintiff requests a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Sarah Anjum*
Sarah Anjum, No. 0089387
sarah@anjumlaw.com
Advocating Opportunity
2 Maritime Plaza, First Floor
Toledo, Ohio 43604
Telephone: 419-344-5106
Facsimile: 419-458-3134
*Counsel for Plaintiff*