## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **Arica Waters,** | * | Case No.: 3:22-cv-01182-JRK |
| | * | |
| Plaintiff, | * | Judge James R. Knepp, II |
| | * | |
| vs. | * | **ANSWER OF DEFENDANTS AMY** |
| | * | **GLOOR AND STEPHEN LEVORCHICK** |
| **Amy Gloor, et al.** | * | |
| | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendants Amy Gloor and Stephen Levorchick, for the Answer to Plaintiff's Complaint, do hereby state and aver as follows:

1. The allegations of Paragraph 1 of the Complaint state the basis for this Court's jurisdiction. Defendants do not dispute that jurisdiction in this Court is appropriate.

2. Defendants deny the allegations of Paragraph 2 of the Complaint in that no constitutional rights of Plaintiff have been violated.

3. Defendants deny the allegations of Paragraph 3 of the Complaint in that that Plaintiff is not entitled to damages or attorney fees because her constitutional rights have not been violated.

4. Defendants admit that the Court has supplemental jurisdiction over state law claims pled in the Complaint.

5. Defendants admit the allegations concerning personal jurisdiction set forth in Paragraph 5 of the Complaint.

6. Defendants admit the allegations concerning personal jurisdiction set forth in Paragraph 6 of the Complaint.

7. The allegations of Paragraph 7 of the Complaint state the basis for venue in this judicial district. Defendants do not dispute that venue in this Court is appropriate.

8. Upon information and belief, Defendants admit the allegations of Paragraph 8 of the Complaint.

9. Defendants admit the allegations of Paragraph 9 of the Complaint.

10. Defendants admit that, at the time of the events in question, Defendant Gloor was employed as a detective sergeant at the Ottawa County Sheriff's office, but deny that the events gave rise to any violation of Plaintiff's constitutional rights.

11. Defendants admit the allegations of Paragraph 11 of the Complaint.

12. Defendants admit that Defendant Levorchick is the elected Sheriff of Ottawa County, Ohio and admit he held that office at the time of the events in question, but they deny that the events gave rise to any violation of Plaintiff's constitutional rights.

13. Responding to the allegations of Paragraph 13 of the Complaint, Defendants admit that Plaintiff made a report of a sexual assault to Defendant Amy Gloor on July 7, 2020. Further pleading, Defendants state that Plaintiff was later indicted by a Grand Jury on felony and misdemeanor charges of making false alarms arising from the report of a sexual assault made by Plaintiff to Defendant Gloor.

14. Defendants admit that Plaintiff consented to a forensic download of her phone to be conducted by a detective of the Port Clinton Police Department, but otherwise deny the allegations of Paragraph 14 of the Complaint. Further pleading, Defendants state that the written "Voluntary Consent for Forensic Search of Computer/Phone/Electronic Device/Digital

2

media" (copy attached as Exhibit A) did not limit the forensic search to the "investigation into the sexual assault," or indicate that the extent was given to "further the [sexual assault] investigation" as alleged in Paragraph 14 of the Complaint.

15. Defendants deny the allegations of Paragraph 15 of the Complaint. Further pleading, Defendants state that Plaintiff's boyfriend -- but not Plaintiff -- told Defendant Gloor during the investigation of Plaintiff's allegations of a sexual assault that Plaintiff's phone contained private conversations between himself and Plaintiff but he made no mention of photos. Moreover, during the investigation it was discovered that Plaintiff used her phone to upload explicit photos of herself to internet pornography websites, negating any privacy claim, which Plaintiff had not asserted in any event.

16. Defendants deny the allegations of the first sentence of Paragraph 16 of the Complaint. Defendants admit the allegations of the second sentence of Paragraph 16 of the Complaint, in that Defendant Gloor informed Plaintiff's boyfriend that there was an interest in seeing the messages exchanged between Plaintiff and the alleged perpetrator.

17. Defendants admit that the phone was downloaded using the Cellebrite program, and admit that during the investigation, the contents were accessible to Gloor, but otherwise deny the allegations of this paragraph, in that Defendant Gloor did not and does not retain the downloaded materials. Those materials did not remain and are not currently in the possession of the Defendants.

18. Defendants admit that a Grand Jury indicted Plaintiff on felony and misdemeanor charges of making false alarms, and that Plaintiff was not convicted of the charges.

19. Defendants deny the allegations of Paragraph 19 of the Complaint. In fact, explicit photos from Plaintiff's phone played a role in the criminal case, in that such photos were

3

relevant to the investigation into the false alarm charges, and were part of the evidence which showed Plaintiff's pattern and practice of making similar sexual abuse allegations against other alleged perpetrators. Moreover, Defendants lack knowledge of what Rule 16 discovery was exchanged between the attorneys in that case.

20. Defendants deny the allegations of Paragraph 20 of the Complaint. To the contrary, prior to the forensic examination of the phone, Plaintiff shared explicit photos of herself with third parties and with internet pornography sites.

21. Defendants deny the allegations of Paragraph 21 of the Complaint, in that neither of the Defendants distributed any explicit photos of Plaintiff to third parties.

22. Defendants deny the allegations of Paragraph 22 of the Complaint. Further pleading, Defendants state that Gloor trained Deputy Davenport on certain computer imaging backtracking techniques which are used in investigations, and an image from Plaintiff's case may have been momentarily visible -- for a matter of a couple seconds -- as part of that training. It is false and misleading for Plaintiff to state that Gloor "shared" explicit photos of Plaintiff with Davenport, and that allegation is denied.

23. Defendants deny the allegations of Paragraph 23 of the Complaint. Further pleading, Defendants state that Gloor discussed the sexual assault investigation with the Sheriff who was her superior officer, and during the discussion informed him that Plaintiff had uploaded images of herself to pornography web sites, and in that discussion an image of Plaintiff was momentarily visible. It is false and misleading to imply that Gloor "shared" any photos with Levorchick, and false and misleading to imply that any images the Sheriff may have seen were those of Plaintiff with her boyfriend.

4

24. Defendants deny the allegations of Paragraph 24 of the Complaint in that Defendant Gloor did nothing during the investigation that was inappropriate or warranted discipline.

25. Defendants admit that a member of the media inquired about the sexual assault investigation. In explaining why the investigation had not produced charges against the alleged perpetrator, Defendant Levorchick made reference to Plaintiff's actions of uploading images of herself to internet porn sites and commented on that. All allegations of Paragraph 25 of the Complaint inconsistent with this statement are denied.

26. Defendants deny the allegations of Paragraph 26 of the Complaint. Further pleading, Defendants state that when training Deputy Davenport on certain computer imaging backtracking techniques which are used in investigations, an image from Plaintiff's case may have been momentarily visible -- for a matter of a couple seconds -- as part of that training. It is false and misleading for Plaintiff to state that Gloor "shared" explicit photos of Plaintiff with Davenport.

27. Defendants lack knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27 of the Complaint, and on that basis they are denied.

28. Defendants deny the allegations of Paragraph 28 of the Complaint.

29. Defendants deny the allegations of Paragraph 29 of the Complaint in that no invasion of Plaintiff's privacy took place.

30. Defendants deny the allegations of Paragraph 30 of the Complaint.

31. Defendants deny the allegations of Paragraph 31 of the Complaint.

32. The allegations of Paragraph 32 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 32 of the Complaint are denied.

33. The allegations of Paragraph 33 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 33 of the Complaint are denied.

34. The allegations of Paragraph 34 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 34 of the Complaint are denied.

35. Defendants deny the allegations of Paragraph 35 of the Complaint.

36. The allegations of Paragraph 36 of the Complaint are unduly vague, in that they do not allege when and under what circumstances Defendants were acting under color of law. Because the allegations of the Complaint are too vague to be admitted, they are denied.

37. Defendants deny the allegations of Paragraph 37 of the Complaint in that Plaintiff suffered no invasion of privacy. The explicit photos which Plaintiff chose to make public by uploading them to internet pornography sites were not "re-distributed" by the Defendants.

38. Defendants incorporate their admissions, denials and responses to Paragraphs 1-37 as if fully rewritten herein.

39. The allegations of Paragraph 39 of the Complaint state vague conclusions of law. To the extent the allegations accurately state controlling law they are admitted; otherwise, they are denied.

40. Defendants deny the allegations of Paragraph 40 of the Complaint because they imply that Defendant Gloor "showed" explicit photos of Plaintiff to Deputy Davenport for

prurient interests, which did not occur. To the extent that Davenport momentarily may have glimpsed an image while being trained by Gloor, Defendants admit that Gloor engaged in the training while acting under color of law.

41. Defendants deny the allegations of Paragraph 41 of the Complaint.

42. The allegations of Paragraph 42 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 42 of the Complaint are denied.

43. Defendants deny the allegations of Paragraph 43 of the Complaint.

44. Defendants deny the allegations of Paragraph 44 of the Complaint.

45. Defendants deny the allegations of Paragraph 45 of the Complaint.

46. Defendants deny the allegations of Paragraph 46 of the Complaint.

47. Defendants deny the allegations of Paragraph 47 of the Complaint.

48. Defendants deny the allegations of Paragraph 48 of the Complaint.

49. Defendants deny the allegations of Paragraph 49 of the Complaint.

50. Defendants deny the allegations of Paragraph 50 of the Complaint.

51. Defendants incorporate their admissions, denials and responses to Paragraphs 1-51 as if fully rewritten herein.

52. The allegations of Paragraph 52 of the Complaint state vague conclusions of law. To the extent the allegations accurately state controlling law they are admitted; otherwise, they are denied.

53. Defendants deny the allegations of Paragraph 53 of the Complaint.

54. Defendants deny the allegations of Paragraph 54 of the Complaint.

55. The allegations of Paragraph 55 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 55 of the Complaint are denied.

56. Defendants deny the allegations of Paragraph 56 of the Complaint.

57. Defendants deny the allegations of Paragraph 57 of the Complaint.

58. Defendants deny the allegations of Paragraph 58 of the Complaint.

59. Defendants deny the allegations of Paragraph 59 of the Complaint.

60. Defendants deny the allegations of Paragraph 60 of the Complaint.

61. Defendants deny the allegations of Paragraph 61 of the Complaint.

62. Defendants incorporate their admissions, denials and responses to Paragraphs 1-61 as if fully rewritten herein.

63. The allegations of Paragraph 63 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 63 of the Complaint are denied.

64. Defendants deny the allegations of Paragraph 64 of the Complaint.

65. Defendants deny the allegations of Paragraph 65 of the Complaint.

66. Defendants deny the allegations of Paragraph 66 of the Complaint.

67. Defendants deny the allegations of Paragraph 67 of the Complaint.

68. Defendants deny the allegations of Paragraph 68 of the Complaint.

69. Defendants deny the allegations of Paragraph 69 of the Complaint.

70. Defendants deny the allegations of Paragraph 70 of the Complaint.

71. Defendants incorporate their admissions, denials and responses to Paragraphs 1-70 as if fully rewritten herein.

72. The allegations of Paragraph 72 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 72 of the Complaint are denied.

73. The allegations of Paragraph 73 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 73 of the Complaint are denied.

74. The allegations of Paragraph 74 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 74 of the Complaint are denied.

75. Defendants deny the allegations of Paragraph 75 of the Complaint.

76. Defendants deny the allegations of Paragraph 76 of the Complaint.

77. Defendants deny the allegations of Paragraph 77 of the Complaint.

78. Defendants deny the allegations of Paragraph 78 of the Complaint.

79. Defendants deny the allegations of Paragraph 79 of the Complaint.

80. Defendants deny the allegations of Paragraph 80 of the Complaint.

81. Defendants deny the allegations of Paragraph 81 of the Complaint.

82. Defendants deny the allegations of Paragraph 82 of the Complaint.

83. Defendants deny the allegations of Paragraph 83 of the Complaint.

84. Defendants incorporate their admissions, denials and responses to Paragraphs 1-84 as if fully rewritten herein.

85. The allegations of Paragraph 85 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 85 of the Complaint are denied.

86. The allegations of Paragraph 86 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 86 of the Complaint are denied.

87. Defendants deny the allegations of Paragraph 87 of the Complaint.

88. Defendants deny the allegations of Paragraph 88 of the Complaint.

89. Defendants deny the allegations of Paragraph 89 of the Complaint.

90. Defendants deny the allegations of Paragraph 90 of the Complaint.

91. Defendants deny the allegations of Paragraph 91 of the Complaint.

92. Defendants deny the allegations of Paragraph 92 of the Complaint.

93. Defendants deny the allegations of Paragraph 93 of the Complaint.

94. Defendants deny the allegations of Paragraph 94 of the Complaint.

95. Defendants incorporate their admissions, denials and responses to Paragraphs 1-95 as if fully rewritten herein.

96. The allegations of Paragraph 96 of the Complaint state vague conclusions of law with no legal citations. Because Plaintiff seeks to improperly apply those conclusion of law to the facts of this case, the allegations of Paragraph 96 of the Complaint are denied.

97. Defendants deny the allegations of Paragraph 97 of the Complaint.

98. Defendants deny the allegations of Paragraph 98 of the Complaint.

99. Defendants deny the allegations of Paragraph 99 of the Complaint.

100. Defendants deny the allegations of Paragraph 100 of the Complaint.

101. Defendants deny the allegations of Paragraph 101 of the Complaint.

102. Defendants deny the allegations of Paragraph 102 of the Complaint.

103. Defendants deny the allegations of Paragraph 103 of the Complaint.

104. Defendants deny the allegations of Paragraph 104 of the Complaint.

105. Defendants deny the allegations of Paragraph 105 of the Complaint.

106. Defendants deny the allegations of Paragraph 106 of the Complaint.

107. Defendants deny the allegations of Paragraph 107 of the Complaint.

108. Defendants deny the allegations of Paragraph 108 of the Complaint.

109. Defendants deny that Plaintiff is entitled to the judgment and damages sought in Paragraph 109 of the Complaint.

110. Defendants deny that Plaintiff is entitled to the judgment and damages sought in Paragraph 110 of the Complaint.

111. Defendants deny that Plaintiff is entitled to the attorney fees and costs sought in Paragraph 111 of the Complaint.

112. Defendants deny that Plaintiff is entitled to the attorney fees and costs sought in Paragraph 112 of the Complaint.

113. Defendants deny that Plaintiff is entitled to any relief whatsoever.

114. Defendants acknowledge that Plaintiff has requested trial by jury on issues which are triable by a jury.

**FIRST AFFIRMATIVE DEFENSE**

115. The Complaint may fail to state a claim or claims for which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

116. The claims against the Defendants are barred because Defendants are entitled to various forms of immunity which include, but may not be limited to, qualified immunity, absolute immunity, prosecutorial or quasi-prosecutorial immunity, immunity under Ohio Rev.

11

Code Chapter 2744, common law immunity, and any and all other forms of immunity which may apply to the facts of this case.

### THIRD AFFIRMATIVE DEFENSE

117. Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches, or the applicable statutes of limitation.

### FOURTH AFFIRMATIVE DEFENSE

118. Plaintiff's claims are barred by the doctrine, and fact of, consent.

### FIFTH AFFIRMATIVE DEFENSE

119. Plaintiff held no reasonable, genuine or legitimate expectation of privacy in the contents of her phone generally, or in the contents of the photographic images upon which she bases her claims, and no images of Plaintiff were, in fact, distributed to the public or any third party.

### SIXTH AFFIRMATIVE DEFENSE

120. No act or omission by Defendants caused by Plaintiff to suffer deprivation of a constitutionally-protected right.

### SEVENTH AFFIRMATIVE DEFENSE

121. Plaintiff held no informational privacy right in the existence of images which she had previously made public.

### EIGHTH AFFIRMTIVE DEFENSE

122. Defendants did not benefit and had no intent to benefit from any acts they may have taken concerning Plaintiff.

### NINTH AFFIRMATIVE DFEENSE

123. Defendants' conduct concerning Plaintiff was reasonable, and taken for legitimate and compelling law enforcement or other public purposes.

### TENTH AFFIRMATIVE DEFENSE

124. Defendants' actions are protected by a qualified and/or absolute privilege.

### ELEVENTH AFFIRMATIVE DEFENSE

125. Any statements Defendants may have made about Plaintiff are constitutionally protected opinions.

### TWELFETH AFFIRMATIVE DEFENSE

126. No actions of Defendants proximately caused Plaintiff to suffer damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

127. Defendants deny all allegations contained in the Complaint which are not expressly admitted.

### FOURTEENTH AFFIRMTIVE DEFENSE

128. Defendants reserve the right to assert additional defenses which may arise during further investigation or discovery.

WHEREFORE, Defendants pray that Plaintiff's Complaint be dismissed with prejudice and that she be ordered to pay all costs of this action.

Respectfully submitted,

**SPENGLER NATHANSON P.L.L.**
*/s/Teresa L. Grigsby, Esq.*
Teresa L. Grigsby, Esq. (0030401)
tgrigsby@snlaw.com
Jennifer A. McHugh (0084842)
jmchugh@snlaw.com
SPENGLER NATHANSON P.L.L.
Four Seagate, Suite 400

Toledo, OH 43604-2622
Telephone: 419-241-2201

*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of August, 2022, a copy of the foregoing instrument was filed electronically with the Court's electronic filing system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.

 */s/ Teresa L. Grigsby*
Teresa L. Grigsby

594675